IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY TURNER, ET AL                                                                                   PLAINTIFFS

v.                                        Case No. 4:92-cv-04040

LEWISVILLE SCHOOL DISTRICT NO. 1                                                        DEFENDANT

**<u>ORDER</u>**

Before the Court is the parties' Joint Motion for Order. (ECF No. 24). There is no opposition to the motion. The Court finds this matter ripe for its consideration.

This lawsuit was filed in April 1992 by a staff member and parents and guardians of minor African American students in the Lewisville School District No. 1. In March 1993, the Court dismissed the case with prejudice subject to the terms of a Consent Decree. (ECF Nos. 9 & 10). The Court retained jurisdiction to reopen the action upon cause shown that the settlement has not been completed and a party wishes that the Court enforce the Consent Decree. (ECF No. 10).

In July, 2003, Lewisville School District No. 1 and Stamps School District consolidated to form the Lafayette County School District. The consolidation was approved by a vote of the qualified electors of both districts in September 2002 and by the State Board of Education in February 2003. The parties now request that the Lafayette County School District be substituted for the Lewisville School District No. 1 as the Defendant in this lawsuit under Federal Rule of Civil Procedure 25(c).

Rule 25(c) permits substitutions of parties when an interest is transferred during a lawsuit. The rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit. *ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995). The Court finds that, because Lewisville School District No. 1 has ceased to exist, and the Lafayette County School District succeeded Lewisville School District No. 1, the substitution is proper to facilitate the continuation of

the case. Therefore, the parties' motion for substitution should be granted.

However, "Rule 25 does not substantively determine what actions survive the transfer of an interest." *Id.*; *see also* 6 James Wm. Moore et al., Moore's Federal Practice, ¶ 25.32 (3d ed. 2004) ("Rule 25(c) is merely a procedural device designed to facilitate the conduct of the case, and does not alter the substantive rights of the parties or the transferee."). The Court does not, by permitting the substitution, agree with the parties that "the [Lafayette County School District] is the sole entity responsible for performing the defendant obligations under said Consent decree." (ECF No. 24). The parties have provided the Court with no authority for this assertion. In fact, the Court has previously expressed concern about the continued applicability of a consent decree directed toward a school district that has been dissolved. *See Runyon v. McNeil School District*, 1:69-cv-00042-SOH. Similarly, in this case, the continued applicability of the Lewisville Consent Decree (ECF No. 9) to the Lafayette County School District is an open and complex question. The parties have not submitted thorough arguments on this issue, and the Court cannot decide the issue without additional briefing.

Accordingly, the parties' Joint Motion for Order (ECF No. 24) is hereby **GRANTED**. The Clerk is directed to substitute Lafayette County School District for Lewisville School District No. 1 as the Defendant in this lawsuit. The Court gives no opinion as to the applicability of the Lewisville Consent Decree (ECF No. 9) to the Lafayette County School District.

**IT IS SO ORDERED** this 23rd day of November, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge