IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY TURNER, ET AL.                                            PLAINTIFFS

VS.                          NO. 92-4040

LEWISVILLE SCHOOL DISTRICT NO. 1, ET AL.                       DEFENDANTS

### CONSENT DECREE

This civil proceeding was brought pursuant to 42 U.S.C. § 1343 for the purpose of securing relief as provided by the Fourteenth Amendment to the United States Constitution and by 42 U.S.C. §§ 1981 and 1983. This proceeding was commenced as a result of the plaintiffs filing a compliant against the defendants in this Court on April 16, 1992, and the defendants being properly served, filed its answer on or about May 7, 1992.

**Whereas**, the defendants admit the jurisdictional allegation contained in the plaintiff's complaint, and that this Court has jurisdiction over the parties and subject matter filed herein.

**Whereas**, the plaintiff, Mary Turner, is an African-American/black school staff member, and the rest of the plaintiffs are black parents or guardians of minor school aged children who reside within the Lewisville School District No. 1.

**Whereas**, the defendants deny that they have discriminated against the plaintiffs.

**Whereas**, the parties are desirous of settling this litigation without the need for further expenses; and

**Whereas**, the parties agree to the entry of this Consent Decree and consent to be bound thereby; and

1

EXHIBIT 1

9

**Whereas** the consent by the defendants to the entering of this Consent Decree shall not be deemed to be an admission by the defendants of the truth of any of the allegations contained in the complaint; now therefore it is:

**ORDERED** that a final judgment is hereby entered in this matter as follows:

1. The Court finds that it has jurisdiction over the defendants and the subject matter.

2. The defendants are enjoined from denying any of the plaintiffs, students, faculty, and staff any applicable rights provided for by the 14th Amendment and 42 U.S.C. §§ 1981, 1983 and 2000(e).

3. The defendants are enjoined from allowing a racially discriminatory environment to exist within the school district.

4. The defendants are further enjoined from engaging in any policies, practices, customs or usages of racial discrimination in any school operation including, but not limited to, faculty assignments, student assignments, and the treatment of black and other minority pupils within the school system.

5. The defendants shall develop and hereafter utilize objective, nondiscriminatory, job-related employment criteria in the recruitment, selection, placement, promotion, pay, demotion, evaluation, and/or termination of school staff members. Example of objective criteria includes certification, education and previous teaching experience. In this respect, the school district shall develop and implement plans for increasing the proportion of black

staff at all levels and in all employment categories so that it may be determined that no positions within the district are reserved or preferred for one race or the other. It shall be the objective of this school district to obtain a balanced faculty, which bears a reasonable relationship to the proportion of black pupils within the district. Redress of any under-representation of black staff shall be an immediate priority of the district.

6. The defendant district shall develop and implement hereafter a policy for promotion of employees which is fair to the incumbent staff, students, and other prospective qualified applicants. Said policy shall be implemented through use of objective, written, pre-determined, job-related criteria referred to in Paragraph 4, supra. Any subjective employee promotional criteria which are utilized by the district must be written and pre-announced so that they may be applied equally to all employees. Any subjective criteria utilized by the district must, also, be related to the job or task involved and may not, otherwise, impede achievement of a fully desegregated staff now and in the future.

7. Pursuant to the district's objective in obtaining a racially balanced faculty, the school district will have a policy of and will make a good faith effort to have all non-administration positions which are specialty in nature (i.e. coaches, departmental heads, band directors, etc.) racially representative of the district's pupil population. In order to facilitate this objective, the school district shall invite applications for vacancies and compile a list of persons who are deemed qualified

and interested in placement therein. it shall use that list, with appropriate periodic updating from applicants from outside the district's employ, for purposes of filling the vacancies.

8. The defendant district shall take affirmative steps to insure that black staff and faculty members are distributed throughout all course and programs of the system.

9. Except in emergency situations, the defendant school district shall post conspicuous notices of all future employment vacancies in each school building office for a period of not less han fifteen (15) days prior to filling the vacancy. The posted notices should include, at the minimum, the title of the position, its duties and responsibilities, qualifications desired, and the date by which the position will be filled. The posted notice shall also include the objective and subjective employment criteria which must be met in order for an applicant to be deemed qualified.

10. The school district shall endeavor in good faith to eliminate any student placement or assignment policy or practice such as "tracking," "assignment by ability grouping," or disproportionate placement in special education.

11. The defendant school district has an African American student population of 58%. African American students now constitute 70% of the students placed into special education classes. There may be evidence of similar disproportionalities in other programs, classes or activities. The defendant school district shall review such evidence with the objective of alleviating such disparities. It shall work with counsel for the plaintiffs

4

and the Equity Office of the State Department to achieve these objectives.

12. The district shall also eliminate any student assignment or school involvement criteria which are tied to one's socio-economic status. All classes, programs, and/or activities of the district shall be desegregated and integrated *in fact* including, but not limited to, gifted and talented classes, advanced placement classes, the cheerleaders, basketball teams, Beta type clubs and referrals to Governor's school, Boy's State and Girl's State.

The desegregation and integration policy of the district shall be effectively communicated to all staff and students. It shall be one which promotes pupil and staff integration rather than one of passive acceptance of desegregation between students of all races without regard to socio-economic status. It is referred to in Paragraph 13, *infra*, as one of "affirmative inclusion."

13. The district shall hereafter maintain a unitary, racially non-discriminatory school system wherein all schools are effectively and equitably desegregated and integrated. All school programs, activities, assignments, and rewards shall be conducted and extended pursuant to an affirmative inclusion policy which maximizes bi-racial pupil and staff participation.

14. The district shall hereafter establish and implement discipline policies which do not adversely and disparately impact in practice and implementation upon black pupils. Discipline herein is inclusive of any adverse consequence imposed by the district upon a student. The district shall, also, keep

5

appropriate records regarding all students discipline.

15. The district shall initiate an inservice training program in order to enhance the capacity and effectiveness of teachers in the handling and teaching of children from differing racial and socio-economic backgrounds, and in order to promote understanding of the expectations of an equitable, fully integrated school system. These programs conducted shall be under the authority of the school superintendent or his designee.

16. The district shall not engage in, nor knowingly allow any school employee to engage in, any conduct which is retaliatory in nature toward any person who has been a party or principal supporter of this action.

17. The defendant school district retention rate for African American students in kindergarten and in first grade is disproportionate to the numbers of the African American student population, being that African American students constitute 86% of the students retained in kindergarten and 77% of the students retained in first grade. The district shall have a heavy burden, characterized by objective criteria, in justifying the retention of any student. Racial disproportionality shall not be tolerated unless strong evidence supports the necessity therefor.

18. The Court shall have continuing jurisdiction of this Consent Decree in order to insure compliance with the spirit and terms of this Decree. The defendant shall make annual reports of their progress herein to counsel for the plaintiffs on or before

December 15th of each year, for the next three years beginning December 15, 1993. In the event that plaintiffs have any objections to any matter contained in said reports, the plaintiffs shall seek to resolve their differences with the defendants voluntarily and promptly. If the parties are unable to resolve their differences, however, the plaintiffs may make application to the court for consideration.

ORDERED that, prior to seeking Court intervention, counsel for the plaintiffs shall endeavor to resolve any allegations of noncompliance informally.

U. S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

MAR 05 1993

CHRIS R. JOHNSON, CLERK
BY _Dale Ramsey_
APPROVED: Deputy Clerk

_____
U. S. DISTRICT JUDGE

DATE: March 4, 1993

_____
John W. Walker #64046

_____
Austin Porter, Jr. #86145
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, AR 72206
(501) 376-3758
ATTORNEYS FOR PLAINTIFFS

_____
Dan F. Bufford #72014
LASER, SHARP, MAYES, WILSON, BUFFORD
  & WATTS, P.A.
One Spring Street, Suite 300
Little Rock, AR 72201
(501) 376-2981
ATTORNEY FOR DEFENDANTS

This document entered on docket in compliance with Rule 58 and 79 (a), FRCP,

7    on __3/5/93__ by _Dale Ramsey_